IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**GLENN ROY CASSIS,**

    **Plaintiff,**

vs.                                          **Case No. 4:06cv281-WS/WCS**

**JAMES V. CROSBY,**
**BARBARA A. DEBELIUS,**

    **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. In a separate order entered this day, Plaintiff has been granted *in forma pauperis* status and has been permitted to proceed without payment of an initial partial filing fee.

Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint has been reviewed prior to service to determine whether it states a claim. Plaintiff states that he was released from prison in 1989 to serve an additional nine years, seven months on conditional release. Doc. 1, p. 7. On June 30, 2004, Plaintiff was sentenced on apparently new charges and returned to prison on July 19, 2004. *Id.* Plaintiff contends that since being returned to

prison, he is uncertain of why he is incarcerated and claims to never have had a parole hearing. *Id.* Thus, Plaintiff raises due process claims concerning his return to prison. Plaintiff seeks monetary damages "for being denied due process [and] being deprived [of] life, liberty, or property." *Id.*, at 8.

It is apparent that Plaintiff brings this case asserting that his return to prison is "illegal." *Id.*, at 9, 11. Plaintiff's grievances to the Department of Corrections demonstrate that he challenges the amount of credit he has received by the Department, contests the warrant as being illegal, and claims to have been denied a parole revocation hearing. *Id.*

The substance of Plaintiff's allegations cannot be litigated in this civil rights case. While Plaintiff's allegations may or may not state a due process claim, service is not appropriate and these claims cannot go forward. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372. To recover damages for an allegedly unconstitutional conviction, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373.

Assuming the truth of Plaintiff's allegations, this case must necessarily be construed as challenging Plaintiff's incarceration. Thus, it matters not that Plaintiff seeks only monetary damages and not release from prison because any relief given him

would indirectly undermine his current period of incarceration.  This civil rights case cannot be used to collaterally challenge Plaintiff's imprisonment and the Court cannot provide monetary damages to an inmate for being incarcerated where he is still serving that period of incarceration.  Only after Plaintiff has successfully challenged his return to prison through habeas proceedings could he be provided any monetary relief for his imprisonment.  Heck, 512 U.S. at 481, 114 S. Ct. at 2369; Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

A claim for money damages resulting from the alleged denial of due process in being returned to prison is not cognizable under § 1983 until Plaintiff has had the imprisonment invalidated, overturned, or otherwise successfully challenged in habeas proceedings.  Thus, because Plaintiff may not use this § 1983 action to challenge his current imprisonment, this case must be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 15, 2006.

  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv281-WS/WCS